# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| INNOCENT M. DUKART, | Case No. 18-CV-3413 (WMW/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| DEPARTMENT OF EDUCATION, | |
| Defendant. | |

Plaintiff Innocent M. Dukart initiated this action by filing a complaint seeking relief from defendant "Department of Education." *See* ECF No. 1. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 does not require long or overly detailed pleadings, Dukart's complaint fell short of the lenient standard established by that rule. In fact, the complaint included no factual allegations whatsoever; only the remedy section of her complaint, where Dukart asks for "discharge . . . from the payment of student loans," offered any hint concerning what this case may be about. This was far from enough to put the defendant on notice of the specific claims being raised in this litigation.

This Court identified the deficiencies in Dukart's pleading in an order dated January 10, 2019. *See* ECF No. 3. Rather than recommend immediate dismissal of this action at that time, however, Dukart was given 30 days in which to submit an amended complaint that corrected these problems. This Court also referred Dukart to the Federal

1

Bar Association, which has a panel of volunteer lawyers who can often assist unrepresented litigants, for help in drafting an amended pleading. But that deadline has now passed, and Dukart has not filed an amended complaint as previously ordered. In fact, Dukart has not communicated with the Court about this case at all since commencing this action. Accordingly, this Court now recommends, in accordance with its prior order, that this action be dismissed without prejudice pursuant to Rule 8. *See Olson v. Little*, 978 F.2d 1264 (8th Cir. 1992) (affirming the district court's *sua sponte* dismissal of a complaint for failure to comply with Rule 8). Alternatively, this matter may be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE.

2. The application to proceed *in forma pauperis* of plaintiff Innocent M. Dukart [ECF No. 2] be DENIED AS MOOT.

Dated: March 14, 2019        *s/Tony N. Leung*_____
                             Tony N. Leung
                             United States Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).